E-FILED
Tuesday, 09 June, 2026  12:15:39 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DERRICK MILES,
    Plaintiff,

v.

    Case No. 3:26-cv-03075-JEH

BRITTANY P GREENE, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Hill Correctional Center ("Hill"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Officer Jon Moon, Adjustment Committee Members Corey Holzer, Silvester Erude, and Kyle Franklin, Warden Brittany

Greene, Illinois Department of Corrections ("IDOC") Director Latoya Hughes, and Governor JB Pritzker.

On April 15, 2024, Plaintiff alleges Defendant Officer Moon issued a false disciplinary ticket for "203 – Drugs & Drug Paraphernalia." Plaintiff alleges Defendants Holzer and Erude, who were members of the Adjustment Committee, found him guilty even though the charge was not substantiated. Plaintiff alleges Defendants Holzer and Erude falsely claimed he pled guilty to the offense, but Plaintiff did not. The Adjustment Committee imposed two months of segregation.

Plaintiff wrote letters to Defendants Pritzker, Hughes, and Greene regarding the alleged due process violations and the conditions of confinement in segregation. Plaintiff alleges Defendant Moon retaliated against him for writing these letters by issuing another false disciplinary ticket for "105 – Dangerous Disturbances" on May 5, 2024, for yelling out his window at officers as they walked by. Plaintiff claims Defendant Moon did not observe him yelling, and it is impossible to see inside the cells from the outside.

During the disciplinary hearing, Plaintiff alleges he informed Adjustment Committee members Holzer and Franklin that Defendant Moon issued the disciplinary ticket to retaliate against him for writing letters to Pritzker, Hughes, and Greene. Plaintiff alleges Defendants Holzer and Franklin found him guilty even though they could not substantiate the charge. Plaintiff received another three months in segregation. On May 12, 2024, Plaintiff wrote additional letters to Defendants Pritzker, Hughes, and Greene regarding the alleged due process violations.

Plaintiff alleges he was subjected to unconstitutional conditions of confinement during his five months in segregation. Plaintiff alleges he did not have access to medical treatment, was not allowed to have his inhaler in his cell, and suffered an asthma attack. Plaintiff alleges there was black mold and dust in

the cells. Plaintiff also claims the cells were extremely hot, had no ventilation, and he was not allowed to have a fan. Plaintiff alleges the temperature was at least 90 degrees, which caused dehydration and an asthma attack. Plaintiff alleges there was a "blower" that blew dust, mold spores, and fiberglass particles into the air, which combined with the extreme heat, irritated his lungs, worsened his asthma, caused excruciating headaches, itchy and burning eyes, shortness of breath, constipation, cramps, sneezing, coughing, a sore throat, and pain in his chest, stomach, and back. Plaintiff also alleges he was denied outdoor exercise and fresh air. Plaintiff alleges it was difficult to sleep because mentally ill inmates screamed, yelled, kicked on the doors, cut themselves, and threw feces and urine.

### III

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Under

Seventh Circuit precedent, "five months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

Plaintiff alleges Defendant Moon issued two false disciplinary tickets. Defendants Holzer, Erude, and Franklin found Plaintiff guilty of the offenses, even though the charges could not be substantiated. Plaintiff alleges he remained in segregation for five months and was subjected to unconstitutional conditions of confinement. Due to the length of time in segregation and the alleged conditions, the Court finds Plaintiff has stated a plausible Fourteenth Amendment procedural due process claim against Defendants Moon, Holzer, Erude, and Franklin.

Plaintiff alleges he sent letters to Defendants Governor Pritzker, IDOC Director Hughes, and Warden Greene about the alleged due process violations and the conditions in segregation, but Defendants did not respond. Plaintiff did not include any specific allegations to demonstrate that Defendants Pritzker, Hughes, or Greene were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants Pritzker, Hughes, and Greene cannot be liable based only on their status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Furthermore, "[s]imply receiving correspondence from a prisoner" does not make a prison

4

official liable for the alleged infraction. *Norington v. Daniels*, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011); *see also Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). Defendants Pritzker, Hughes, and Greene are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Moon retaliated against him for sending letters to Defendants Pritzker, Hughes, and Greene about allegedly violating Plaintiff's due process rights by issuing a second false disciplinary ticket, resulting in a guilty finding and another three months in segregation. To establish a First Amendment retaliation claim, Plaintiff must successfully allege that (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the Defendant's action. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). Plaintiff's allegations are sufficient to proceed on a First Amendment retaliation claim against Defendant Moon.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on (1) a Fourteenth Amendment due process claim against Defendants Jon Moon, Corey Holzer, Silvester Erude, and Kyle Franklin, and (2) a First Amendment retaliation claim against Defendant Jon Moon. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendants Brittany Greene, Latoya Hughes, and J.B. Pritzker are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule

of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Greene, Hughes, and Pritzker.

3)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5)      Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6)      If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk

Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

9)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

11)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the

authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 9, 2026

s/Jonathan E. Hawley
U.S. District Judge